Edwin **MEFFORD**, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary of
Health, Education, and Welfare,
Defendant.

No. 73CV147–S.

United States District Court,
W. D. Missouri, S. D.

May 15, 1975.

Paul F. Reichert, Springfield, Mo.,
for plaintiff.

Donald R. Cooley, Springfield, Mo.,
for defendant.

### MEMORANDUM AND ORDER REVERSING THE DECISION OF THE SECRETARY AND REMANDING THE CAUSE FOR FURTHER HEARINGS

COLLINSON, District Judge.

This is a petition filed pursuant to 42 U.S.C. § 405(g) (1970). Claimant Mefford seeks judicial review of the adverse decision of the Secretary of Health, Education and Welfare regarding claimant's application for disability insurance benefits. The Secretary has moved for summary judgment and claimant has filed suggestions in opposition to the motion.

On October 21, 1971, claimant filed his application to establish a period of disability pursuant to § 416(i) and to obtain disability benefits as provided in § 423. The claimant's application was denied initially and on reconsideration by the Social Security Administration. Claimant thereupon requested· an administrative hearing and on October 11, 1972, claimant, his attorney and two witnesses appeared before Administra-

tive Law Judge Henry G. Reese. On November 6, 1972, Judge Reese entered his recommended decision denying the benefits sought by claimant. The Appeals Council adopted that decision and claimant sought judicial review in this Court pursuant to § 405(g).

In an unpublished decision entered February 6, 1974, the Court reversed the final decision of the Secretary and remanded the cause for further proceedings. The Court directed the Secretary to take additional evidence regarding the effect of claimant's impairments on his ability to return to his former occupation and his ability to engage in substantial gainful activity other than his previous employment. *Mefford v. Weinberger*, Civil Action No. 73CV 147–S (W.D.Mo. Feb. 6, 1974). On July 19, 1974, a supplemental hearing was held before Administrative Law Judge Louis Tritico at which claimant, his counsel and a vocational expert were present. Based upon the evidence presented at both hearings, Judge Tritico also recommended that claimant's request for benefits be denied. The Appeals Council adopted the decision of Judge Tritico on September 10, 1974. This constitutes the final decision of the Secretary. 20 C.F. R. § 404.951 (1974).

## SUMMARY OF THE EVIDENCE

In the memorandum and order entered on February 4, 1974, the Court incorporated by reference the summary of the evidence presented at the first hearing set forth in Judge Reese's 1972 decision. This evidence was also incorporated by reference in Judge Tritico's 1974 decision. The supplemental evidence presented during the 1974 hearing comprised additional medical opinions and vocational testimony.

The consensus of the medical opinions was that claimant suffers from a pulmonary dysfunction and a mental impairment. Reports were received from four doctors, including claimant's personal physician. The diagnoses included pulmonary insufficiency-mild emphysema, chronic bronchitis and chronic non-specific pericarditis, loss of volume of lung capacity due to a chest deformity, missing rib or partial biopsy of the lung, post-operative conditions related to claimant's 1967 right thoracotomy and biopsy of right hilum and chronic anxiety neurosis.

Testimony was also received at the supplemental hearing from a vocational expert. Based upon his review of the evidence taken during the first hearing, his observation of claimant during the supplemental hearing and his assumption of claimant's allegations as true, the expert stated that claimant could not return to his former occupation as an arc welder. The expert noted, however, that claimant possessed transferable skills which could be used in other types of work.

## DECISION OF THE SECRETARY

The findings of the administrative law judge, adopted by the Appeals Council as the final decision of the Secretary, are:

1. Claimant last meets [sic] the special earnings requirement of the Act on June 30, 1974.

2. The claimant was born June 5, 1917 and has worked primarily as an arc welder.

3. As of the date claimant last met the earnings requirement of the Act, claimant had the following impairments: (1) Chronic simple bronchitis; (2) Post right thoracotomy and biopsy of right hilum in 1967 [sic]; (3) Chronic anxiety neurosis.

4. Considering the claimant's residual physical capacity, he is able to perform jobs which are present in significant numbers in the region where he lives, i. e., he is able to perform jobs such as operating machines, the manufacturing of shoes, operate small bench machines for the assembling of gas valves and operate machines for the stamping out of billfolds.

5. The claimant was not prevented from engaging in any substantial gainful activity for any continuous period on or before the date of this decision which has lasted or could be expected to last for at least 12 months.

6. The claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time prior to the date of this decision.

Judge Tritico concluded that claimant was not entitled to a period of disability or to disability insurance benefits. Tr. at 124.

### STANDARDS ON REVIEW

The legal standards applicable in this type of case were set forth in *Celebrezze v. Bolas,* 316 F.2d 498, 500–501 (8th Cir. 1963) and recently were reiterated in *Klug v. Weinberger,* 514 F.2d 423 (8th Cir., 1975). Those standards are:

(a) the claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) the Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes a three-fold requirement (1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training, and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise. (Footnote omitted.)

The administrative law judge found that claimant suffers from at least three medically determinable impairments: chronic bronchitis, post-operative conditions relating to claimant's 1967 chest operation and chronic anxiety neurosis. The parties do not dispute this finding and, because it is supported by substantial evidence, the finding will be adopted by the Court.

■ The administrative law judge also found that, notwithstanding claimant's medical impairments, his residual physical capacity permits him to engage in substantial gainful activity. Thus, the issue presented for the Court's determination is whether the Secretary's finding that claimant is not precluded from engaging in any substantial gainful activity by reason of his impairments is supported by substantial evidence. While it is not the duty of the Court to try the claim de novo, the entire record must be carefully scrutinized in conducting the review. *Yawitz v. Weinberger,* 498 F.2d 956, 957 (8th Cir. 1974).

### DISCUSSION OF THE EVIDENCE

Dr. Thomas Boyd, an industrial consultant psychologist, was called to testify with respect to claimant's capabilities for employment. In response to a hypothetical question in which claim-

ant's age, education, health and vocational experience and training were assumed, the vocational expert testified that claimant could not return to his former occupation. Dr. Boyd noted, however, that claimant possessed transferable skills as a result of his experience. Such skills include eye-hand coordination and manual finger dexterity.

The vocational expert observed that these skills would qualify claimant for several types of jobs available within his geographic region. For instance, he could be employed as a custodian, a shoe assembler, operator of a stamping machine or as an assembler of small electrical parts. Dr. Boyd classified these positions as "simple service jobs." Tr. at 156.

Dr. Boyd noted that shoe assembly jobs were available in Thayer, and West Plains, Missouri, near claimant's home. The expert said that working conditions in the shoe assembly plants are favorable in that such plants are air conditioned and dust free. The administrative law judge inquired as to the presence of noxious fumes from the glue used in shoe assembly. Dr. Boyd replied that latex glue is used and that this glue has very little odor. The pay scale in such plants is determined on a piece work basis, but there is a guaranteed minimum wage and therefore, there is little pressure on the individual worker according to the vocational consultant.

Dr. Boyd also stated that there are small parts assembly positions available in West Plains and in Doniphan, Missouri, approximately 75 miles from West Plains. These jobs are similar to the shoe assembly positions. Working conditions are favorable and the work is light and sedentary.

Claimant's counsel inquired as to the effect of claimant's difficulty in sleeping on his ability to obtain and continue such employment. Dr. Boyd observed that claimant's difficulty has

". . . not affected his ability of going with his friends and talking with his friends and to socialize and take care of [claimant's daughter's] kids. With this much alertness, I certainly think he can do the jobs I cited." Tr. at 169.

The vocational expert also testified that in light of claimant's coughing seizures, ". . . he might have a hard time doing some of these jobs." Tr. at 171. But Dr. Boyd later stated that the coughing attacks would not prevent claimant from performing the jobs described for seven hours during an eight-hour working day. Tr. at 179.

Following a full and complete inquiry into the expert's opinions by the administrative law judge and claimant's counsel, Dr. Boyd reiterated his opinion that claimant could engage in these "simple service jobs" notwithstanding his impairments.

Claimant testified at the first hearing that he has tried to mow lawns, but that he quickly develops shortness of breath, faintness and that he must rest frequently. However, claimant also stated that he assists his daughter with her paper route. He said that he delivers approximately twenty-four newspapers each morning, except on Sundays when the paper is more bulky. On Sundays, he assists his daughter in rolling the newspapers. Tr. at 30, 31 and 34.

Claimant's daughter testified at the first hearing that claimant drives his car in town and on her paper route. He is able to lift paper bundles weighing approximately 35 to 50 pounds from the car to the ground, although such activity causes him to breathe heavily and suffer from chest pain. She also stated that claimant had assisted her in a restaurant which she owned until 1971. In the restaurant, he helped her carry trash, wash dishes and place food on the plates. He worked in this establishment from approximately 5:00 p. m. to 8:00 p. m. Tr. at 50.

## CONCLUSION

There is substantial evidence to support the Secretary's finding that claimant suffers from medically determinable impairments. Although it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant, the Court finds that the vocational testimony is insufficient in one respect.

The vocational expert testified that in light of claimant's age, education, health and vocational experience, claimant could be employed in simple service jobs and that such jobs are available in claimant's geographic area. The expert, however, also observed in regard to claimant's frequent coughing seizures that "I am not saying that [claimant] would be kept on in employment if he was every day off the job an hour. [sic] But I'd say he could perform these jobs for seven hours out of an eight hour per day [sic]." Tr. at 179.

Because there is no vocational testimony relating to the availability of jobs in claimant's area for individuals who suffer, as does the claimant, from handicaps which may render them unable to work a full eight-hour day, the Secretary's finding that claimant is able to engage in substantial gainful activity is not supported by substantial evidence. Therefore, the Secretary's decision will be reversed and this cause will be remanded for a brief hearing in this respect.

The parties are fully aware that the emphasis is on the particular claimant's capabilities and on what is *reasonably* possible, not on what is conceivable. Although much time and effort has been spent by many individuals in convincing employers that handicapped persons may make substantial contributions to their prospective employers, a number of employers still refuse to hire persons who are unable to perform a full day's work due to their impairments. In the opinion of this Court, if the supplemental testimony shows that there are employers located within a reasonable distance of claimant's home who have shown a willingness to hire handicapped individuals, the claimant's request for benefits should be denied by the Secretary. If the vocational testimony is to the contrary, the Secretary should award the benefits sought by the claimant.

In order to facilitate the speedy determination of the instant petition for review, the parties will be directed to file a joint summary of the testimony taken at the supplemental hearing immediately following that hearing. If the final decision of the Secretary is favorable to claimant, the parties may desire to file a Stipulation for Dismissal of this cause pursuant to Rule 41(a)(1)(ii), Fed.R.Civ.P. If the final decision is adverse, both parties will be granted leave to file brief amended suggestions in support of and in opposition to the Secretary's motion for summary judgment. The Court will reserve ruling upon the Secretary's Motion for Summary Judgment pending receipt of a Stipulation for Dismissal or the amended suggestions.

For the reasons herein stated, it is

Ordered that the decision of the Secretary denying the disability insurance benefits sought by the claimant be, and the same hereby is, reversed; and it is

Ordered that this cause be, and the same hereby is, remanded for the taking of further testimony regarding the availability of jobs in claimant's geographic area for handicapped persons; and it is

Ordered that in the event that a decision adverse to the claimant is rendered, the parties be, and hereby are, granted leave of court to file brief amended suggestions in support of and in opposition to the Secretary's pending Motion for Summary Judgment.